## WOODS, Estate of, In re.

Probate Court, Cuyahoga County.

No. 438785.

Harry A. Gillis, Eugene J. Chesney, George E. Rich, for the applicants. Ralph S. Locher, Joseph H. Crowley, Andrew R. Sarisky, for Cleveland City School District Public Library.

## OPINION

By KINDER, J.

This matter concerns two applications filed for counsel fees, one by the executor for attorney's fees for legal services rendered the estate by Harry A. Gillis, and two, an application filed by Eugene J. Chesney for attorney's fees for services also rendered the estate.

The case is this: There was an application filed here to probate the will of Nathaniel H. Woods, which will is hereinafter referred to as the 1944 will. The probate of this will was granted by this Court on August 8, 1950, and the executor, Mervyn R. Wolff, under the terms of that 1944 will, qualified.

Upon the same day, or shortly thereafter, there was brought into Court a document purporting to be the last will and testament of Nathaniel H. Woods. In that will, dated in 1948, Henry N. Walkden was named executor. The probate of this latter will was denied. That ruling was taken to the Court of Appeals where it was reversed and sent back. The 1948 will was again proffered and its probate was again denied. Again this ruling was taken to the Court of Appeals and again the ruling was reversed. The final result was that the will of 1948 was admitted to probate in this Court on April 10, 1953.

Under the 1948 will of Mr. Woods, Henry N. Walkden was not only a beneficiary, but was named as executor. Within six months of the probate of the 1944 will, Walkden in his personal capacity and as legatee under the 1948 will, filed an action in the Common Pleas Court to contest the 1944 will, which action was later successful. Under the circum-

stances, it is not perceived by this Court how he could otherwise have maintained his position under the 1948 will or his rights under it either as an executor or as a legatee. The Court regards that to have been an appropriate and proper step by Walkden and a service to the estate. The Court does not consider that Walkden is to be criticized for doing what was necessary to preserve the rights under the 1948 will, later admitted to probate on April 10, 1953, and which was in turn attacked by way of a will contest. As a result of this litigation involving the 1944 and 1948 wills, the latter will was ultimately sustained and the former will was set aside.

The two wills were different in terms of devise and bequest. Under the 1944 will the Cleveland City School District Public Library, hereinafter referred to as the Library, was not a beneficiary and took nothing under its terms. Under the provisions of the 1948 will, which was ultimately established by the litigation referred to, the Library was a beneficiary and on the gross estate basis stands to benefit in the sum of approximately $100,000.00. It, therefore, would only benefit in the event that the 1948 will was validated.

It is under these circumstances that counsel for the Library object to the allowance of any fees for services of counsel rendered prior to April, 1953, when the 1948 will was probated. This position would limit compensation to counsel for services rendered since that date.

I do not think this position is tenable either as a matter of law or equity. The Court considers that the statutes regulatory of executors and trustees and the decisions of the courts thereunder authorize the Court to charge as expenses of this estate the fees and cost necessary to the establishment of this last will and testament of the testator. The two appeals from the rulings of this Court and the hearings in the Court of Appeals in the establishment of the validity of the 1948 will are to be considered as necessary expenses, and likewise the cost of services rendered in the contest of the 1944 will are to be regarded as a necessary expense of the estate. The Court feels that the provisions of §§2107.62 and 2113.36 R. C., and the cases construing such sections afford adequate grounds for the conclusion reached.

There is an additional ground on which this estate be required to compensate these counsel in such amount as the Court shall ultimately fix as a fair and reasonable value for these services.

Sec. 2101.24 R. C., defines the jurisdiction of the Probate Court. Among its provisions is the following:

"The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

Counsel for the Library take the position that as to all services rendered by applicants prior to April, 1953, these applicants are remitted to an action in equity in the Common Pleas Court having for its object the determination of whether or not applicants should be compensated by the estate and incidentally by the beneficiaries under this will. The Court does not agree, but on the contrary holds that under such grant of jurisdiction it has the right to pass on such question in this instant

338

proceeding. The Court holds that the applicants are entitled to be compensated according to the reasonable value of the services rendered.

The Court finds that under all of the facts and circumstances that fair and reasonable value of the services rendered by Mr. Chesney is $3,250.00. Mr. Gillis was the chief counsel in this litigation and the fair value of his services is fixed at $33,500.00, of which he has already received the sum of $8,500.00.

Findings of fact and conclusions of law have been requested. Counsel will submit to the Court such findings of fact and conclusions of law as they feel that the facts and law require. Upon the determination by the Court of the appropriate findings of fact and conclusions of law, the proper journal may be prepared in accordance therewith.